# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Luis Ramon Flores-Cordova,<br><br>Defendant/Movant. | No. CV-16-4389-PHX-SPL(JZB)<br>CR 15-0919-PHX-SPL<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT JUDGE:

Movant Luis Ramon Flores-Cordova has filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.)[1]

## I. SUMMARY OF CONCLUSION

On October 8, 2015, the Court sentenced Movant and issued the Judgment. Movant did not file a direct appeal, so his conviction became final 14 days later on October 22, 2015. Movant was required to file the Motion by October 22, 2016, but it was not mailed until December 5, 2016. Because there are no grounds for equitable tolling, the Court concludes that Movant's claims are untimely. Therefore, the Court will recommend that the Motion be denied and dismissed with prejudice.

---

[1] Citations to "Doc." are to the docket in CV-16-4389-PHX-SPL(JZB). Citations to "CR Doc." are to the docket in the underlying criminal case, CR 15-0919-PHX-SPL.

## II. BACKGROUND

### a. Facts and Proceedings

On June 5, 2015, an Indictment charged Movant with Reentry of Removed Alien. (CR Doc. 1.) On July 24, 2015, Movant pleaded guilty, pursuant to a plea agreement, to an Information charging him with Reentry of a Removed Alien. (CR Docs. 12,14.) The factual basis in Movant's plea agreement stated the following:

> I am not a citizen or national of the United States. I was removed from the United States through El Paso, Texas, on January 21, 2014. I was voluntarily present and found in the United States at or near Casa Grande, Arizona, on June 5, 2015. I did not obtain the express consent of the United States government to reapply for admission to the United States prior to returning to the United States.
>
> For sentencing purposes, I admit I was convicted of Possession with the Intent to Distribute Less than 50 Kilograms of Marijuana, a felony, on November 13, 2009, in the United States District Court, District of Arizona. I was represented by an attorney, and I was sentenced to eighteen (18) months.

(CR Doc. 22 at 8.)

### b. Sentencing

On October 8, 2015, the Court sentenced Movant to 51 months imprisonment and three years of supervised release. (CR Doc. 23.)

### c. Direct Appeal

Movant did not file a direct appeal. (Doc. 1 at 1.)

### d. Prior Motion

On October 30, 2015, Movant filed a "Motion for Time Reduction By an Inmate in Federal Custody (28 U.S.C. § 2255)." (CV Doc. 1.)[2] On January 7, 2016, the Motion was dismissed without prejudice. (CV Doc. 5.) On February 25, 2016, the Court entered judgment against Movant and dismissed the action without prejudice. (CV Doc. 6.)

---

[2] Citations to "CV Doc." are to the docket in CV-15-2196-PHX-SPL(JZB).

## III. MOTION TO VACATE

On December 5, 2016, Movant mailed the Motion to Vacate, Set Aside, or Correct Sentence. (Doc. 1 at 14.)[3] The Court summarized his claims as follows:

> In Ground One, Movant alleges that his counsel was ineffective because he "pushed" Movant to sign his guilty plea; never visited Movant to discuss Movant's case; failed to advise Movant of his sentencing date; failed to advise Movant that, by pleading guilty, he was forfeiting his right to appeal or collaterally attack the judgment; and "never discuss[ed] the 4 points for the 'fast track' that appl[ied] to [Movant]."
>
> In Ground Two, Movant alleges that his sentence was unfairly enhanced and that his attorney misled him "into going through the motions." Movant further claims that he "had an interview with the agents for that purpose," and that his counsel was ineffective because he never discussed the fast track with Movant. Movant also appears to seek relief pursuant to "a new law that c[a]me in . . . 2015."
>
> In Ground Three, Movant alleges that his counsel provided ineffective assistance at sentencing because he "did not expose [Movant's] personal excruciating circumstances," including the fact that Movant has to support his family in the United States and does not have the economic means to afford a private lawyer. Movant also appears to allege that his sentence was improperly enhanced.
>
> In Ground Four, Movant claims that he "went to court without the full understanding of what was happening." He further claims that his limited knowledge of English hindered his ability to understand his court proceedings. According to Movant, this language barrier, "combined with . . . poor legal advice," caused him to forfeit his appeal rights and other forms of relief by signing a plea.

(Doc. 3 at 2.)

On March 16, 2017, Respondent filed a Response. (Doc. 4.) On May 20, 2017, Movant filed a Reply. (Doc. 5.)

---

[3] The Motion was filed by the Court on December 12, 2016. (Doc. 1.) Movant signed the Motion on December 5, 2015, which the Court uses as the filing date. (Doc. 1-1 at 1.) *See Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010) ("[w]hen a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed.").

**IV. DISCUSSION**

Whether a petition is barred by the statute of limitations is a threshold issue that must be resolved before considering other procedural issues or the merits of individual claims.

### a. The Motion is untimely.

The AEDPA provides a one-year statute of limitations for filing a motion pursuant to 28 U.S.C. § 2255. Section 2255(f) provides that the one-year limitations period runs from the latest of the dates determined by applying §§ 2255(f)(1) through (f)(4).

On October 8, 2015, the Court sentenced Movant to 51 months imprisonment and three years of supervised release. (CR Doc. 23.) Pursuant to 28 U.S.C. § 2255(f)(1), a "1-year period of limitation shall . . . run from . . . the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Although § 2255 does not define "final," the Supreme Court holds that "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). Where a movant did not file a direct appeal, "the statute of limitations within which she had to file her § 2255 motion began to run upon the expiration of the time during which she could have sought review by direct appeal." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001).

Here, Movant did not file a direct appeal or a certiorari petition. Thus, his one year commenced running on the expiration of his time to file a direct appeal. His time for doing so expired 14 days after entry of the judgment of conviction. *See* Federal Rule of Appellate Procedure 4(b)(1)(A). The Judgment was entered and filed on October 8, 2015. (CR Doc. 23.) Movant's conviction became final 14 days later on October 22, 2015. Accordingly, Movant's one year expired on October 22, 2016.

The Motion was due on October 22, 2016, but it was not filed until December 5, 2016.

### b. Movant is not entitled to equitable tolling.

The statute of limitations may be equitably tolled in a 28 U.S.C. § 2255 action if "(1) the [Movant] has diligently pursued his rights, and (2) extraordinary circumstances exist." *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The burden to establish the requirements of equitable tolling is on Movant. *Pace*, 544 U.S. at 418. "Equitable tolling is not even a possibility until a petitioner submits proof that external forces, and not a Movant's lack of diligence, accounted for the failure to file a timely petition." *Smith v. Ratelle*, 323 F.3d 813, 821 (9th Cir. 2003).

Movant states that "I file this motion one month (unintelligible) one year I did not file 28 U.S.C. 2255 because I don't have any one to helped me to file this motio[n] to the honorable court the[] way I file a[t] this time with [all] the respect to the honorable court." (Doc. 1 at 11.) On May 30, 2017, Movant filed a Reply to the Response. (Doc. 5.) Movant did not address the issue of timeliness in the Reply.

Here, on October 30, 2015, Movant filed a "Motion for Time Reduction By an Inmate in Federal Custody (28 U.S.C. § 2255)." (CV Doc. 1.) Although Movant's first Motion was dismissed without prejudice, it demonstrates Movant's ability to file timely motions notwithstanding his clear lack of legal sophistication. Movant's ignorance of law is insufficient to warrant equitable tolling. *See Johnson v. United States*, 544 U.S. 295, 311 (2005) ("we have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness").

Also, Movant's claims are based on facts known to him at the time of sentencing. Movant has failed to show extraordinary circumstances stood in his way and prevented him from filing a timely motion.

## V. EVIDENTIARY HEARING

An evidentiary hearing is not warranted regarding Movant's claims, including equitable tolling, because the record is sufficiently developed to resolve the question of

whether the Motion is timely. A habeas Movant asserting equitable tolling "should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'" *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003)). An evidentiary hearing is not mandatory. Here, Movant does not present a good-faith allegation warranting equitable tolling. For the reasons outlined above, the Court has thoroughly reviewed the Motion, Response, and Notice and found Movant has not made a good-faith allegation that would entitled him to equitable tolling.

Movant's claims also do not assert actual innocence.

## VI. CONCLUSION

Based on the above analysis, the Court finds that Movant's claims are untimely. The Court will therefore recommend that the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) be denied and dismissed with prejudice even though it is late by approximately 43 days. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (federal habeas petition submitted one day late was properly dismissed as untimely under AEDPA, noting that a "missed" deadline "is not grounds for equitable tolling"); *Hartz v. United States*, 419 Fed. Appx. 782, 783 (9th Cir. 2011) (unpublished) (affirming dismissal of federal habeas petition where petitioner "simply missed the statute of limitations deadline by one day"); *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002) ("[w]e consistently have denied tolling even where the petition was only a few days late"); *United States v. Locke*, 471 U.S. 84, 100–01 (1985) ("If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline . . . A filing deadline cannot be complied with, substantially or otherwise, by filing late—even by one day.").

**IT IS THEREFORE RECOMMENDED** that the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Motion is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 13th day of June, 2017.

Honorable John Z. Boyle
United States Magistrate Judge